IN THE TAX COURT OF THE
STATE OF OREGON

Daniel R. THOMAS
*v.*
DEPARTMENT OF REVENUE
(TC 3912)

Plaintiff (taxpayer) appeared *pro se.*

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant (department).

Decision for defendant rendered February 13, 1997.

**CARL N. BYERS, Judge.**

Plaintiff (taxpayer) appeals from an assessment of personal income taxes for 1992. Taxpayer contends that his labor is property which is deductible from gross income. Although taxpayer disavows being a tax protestor, his arguments fit that characterization.

## FACTS

Taxpayer is an osteopath and operates a medical clinic in Lake Oswego. Taxpayer did not file a 1992 Oregon income tax return. When taxpayer did not respond to the Department of Revenue's (department) request to file a return, the department assessed income taxes, penalties and

interest based on the best information available to it. In making the assessment, the department primarily relied on information in taxpayer's 1991 return. Taxpayer timely appealed from that assessment to the department. After an administrative hearing, the department upheld the assessment and taxpayer then appealed to this court.

While this appeal was pending, taxpayer filed a 1992 return. That return claims the value of his labor as a deductible expense. On his Schedule C, he reported gross receipts from his medical practice of $103,977 and cost of goods sold of $103,977, resulting in a loss because of other clinic operating expenses.

Shortly before taxpayer filed his 1992 return, the department received a copy of a federal income tax audit conducted on taxpayer. Due to taxpayer's lack of cooperation, the federal auditor examined every bank deposit, expenditure, and financial transaction available. The federal audit revealed that taxpayer had substantially more gross income than determined by the department. Accordingly, the department decided to rely upon the federal audit. *See* ORS 314.380.

This court previously addressed taxpayer's legal argument in an order ruling on the parties' cross motions for summary judgment. The ruling held that Internal Revenue Code section 83 does not make labor a form of property deductible from gross income. The court therefore granted the department's Motion for Summary Judgment in part and imposed a $5,000 penalty against taxpayer for making a frivolous argument. However, the court found there were disputes of material fact, requiring a trial for the receipt of evidence on the factual issues.

At trial, the department submitted the federal audit, establishing that taxpayer had gross receipts of $131,864. The federal auditor testified that she allowed $32,371 in business expenses, resulting in a net income from business of $99,493. The allowed business expenses included $13,209.11 paid to taxpayer's wife. The checks to taxpayer's wife were not designated as to purpose, but the federal auditor knew taxpayer's wife worked in the clinic and assumed the checks were for salary. In rebuttal, taxpayer testified unequivocally

that his wife was not an employee and performed services in his clinic as a volunteer. He stated that the payments to his wife were not salary but marital support which he was obligated to provide.

Although there were other small items of interest, dividend income, and state tax refunds, the main adjustments were for IRA distributions of $21,994 and capital gains of $13,098. Based on the department's calculations, these changes resulted in a total tax due of $10,414.14 as of August 30, 1996. That calculation erroneously assumed that the $13,209.11 paid to taxpayer's wife was deductible salary.

Taxpayer did not produce any relevant rebuttal evidence, nor did he dispute the testimony of the federal auditor or the testimony of the department's auditor. Accordingly, the court finds that, with one exception, the department's determination of income and expenses is correct. The one exception is the $13,209.11 allowed as a business expense. The court finds, based on taxpayer's testimony, that that amount was not paid to taxpayer's wife as salary and therefore is not deductible. This will require the department to recalculate the taxes, penalties and interest.

At trial, taxpayer orally moved to set aside the court's order awarding the department $5,000 in damages for making a frivolous argument. ORS 305.437. The court orally denied the motion, but believes it is appropriate to explain why in this opinion.

During oral arguments on the legal issue, the court tried to reason with taxpayer and pointed out that he is attributing a meaning to the statutes contrary to established case law. Taxpayer and his technical advisor claim some special insight or understanding of the tax laws. Yet, even the most uninformed wage earners understand that if labor were deductible, they would owe no income tax. If that were the case, then most of the federal and state income tax revenues would disappear. Obviously, Congress would amend section 83 to avoid such a drastic result. The fact is, the courts have construed the statute contrary to taxpayer's position and Congress has not had to amend the statute. Moreover, federal courts have held that such arguments are frivolous. *See Santangelo v. Commissioner*, 70 TCM (CCH) 878 (1995), *Olson v. U.S.*, 760 F2d 1003, 85-1 USTC (CCH) ¶ 9401 (9th

Cir 1985), and *Herzog v. Commissioner*, 43 TCM (CCH) 807 (1982).

The court cannot accept that taxpayer is unaware of these facts. As a medical doctor he is presumably intelligent, educated, and able to reason. Nevertheless, he uses typical tax protestor techniques, such as redefining terms and then blaming government agencies for not agreeing with his definitions. For example, on December 16, 1996, taxpayer filed an affidavit with the court stating "I received *securities* in exchange for my services." When questioned about this statement at trial, taxpayer was unable to explain what forms of compensation would not constitute securities. Taxpayer received cash, checks, and credit card charges in exchange for his services.

Taxpayer himself recognizes that tax protestors often rely upon arguments that, in effect, claim that money is not money. Apparently, taxpayer believes that if he can redefine money as securities, he will somehow magically relieve himself of any tax obligations. Such arguments are frivolous, not just because they run contrary to common sense, but primarily because they have no legal merit. If taxpayer is sincere in his beliefs and really deceived, then it must be by an unseemly self-interest which is antisocial in nature. As the circumstances of this case demonstrate, the $5,000 damage award is justified by the expenditures incurred by the department in responding to taxpayer's unreasonable positions.

Taxpayer also contends that the income tax laws are unclear and, therefore, no tax may be lawfully extracted under their authority. The court readily acknowledges that many of our tax laws are unclear, complex and extremely difficult to consistently administer.[1] The common, average person knows that the Internal Revenue Code is extremely complex and that many accountants and tax lawyers spend a

---

[1] The following description by Judge Learned Hand, one of our more notable jurists, reflects a commonly held view of the income tax laws:

" * * * In my own case the words of such an act as the Income Tax, * * * merely dance before my eyes in a meaningless procession; cross-reference to cross-reference, exception upon exception—couched in abstract terms that offer no handle to seize hold of—leave in my mind only a confused sense of some vitally important, but successfully concealed, purport, which it is my duty to extract, but which is within my power, if at all, only after the most

lifetime trying to master it. Again, taxpayer adopts the tactic of a tax protestor by seizing upon a phrase from a United States Supreme Court case to the effect that tax laws must clearly impose a tax. Nevertheless, taxpayer refuses to acknowledge that the very same United States Supreme Court has consistently upheld the validity of income taxes imposed under that same complex, unclear code.

As indicated above, the court finds in favor of the department. The department shall recalculate the taxes, penalties and interest due consistent with this opinion and submit its calculations to the court with a copy to taxpayer in accordance with Tax Court Rule 65. Thereafter, the court will resolve any dispute between the parties with regard to the calculations and enter a judgment accordingly. The department is awarded its costs and disbursements.

---

inordinate expenditure of time. I know that these monsters are the result of fabulous industry and ingenuity, plugging up this hole and casting out that net, against all possible evasion; yet at times I cannot help recalling a saying of William James about certain passages of Hegal: that they were no doubt written with a passion of rationality; but that one cannot help wondering whether to the reader they have any significance save that the words are strung together with syntactical correctness.' " *Ruth Realty Co. v. Tax Commission*, 222 Or 290, 295 n 2, 353 P2d 524 (1960) (quoting Leonard Hand, *Thomas Walter Swan*, 57 Yale Law Journal 167, 169 (1947)).